**Gloria Veraly Gonzalez De MORALES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74420.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gloria Veraly Gonzalez De Morales, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Don G. Scroggin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

### MEMORANDUM **

Gloria Veraly Gonzalez de Morales ("Morales"), a native and citizen of Guatemala, petitions for review of the Board of Immigration's ("BIA") per curiam order adopting and affirming the decision of the Immigration Judge ("IJ") denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review a determination that an applicant has not established eligibility for asylum for substantial evidence, and where, as here, "the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000).

▮ Because the IJ did not make an explicit adverse credibility determination, we assume that Morales' testimony was credible. *See Kataria,* 232 F.3d at 1113–14. However, Morales' testimony that Guatemalan guerrillas mistreated her in order to obtain food, money, and to recruit her to their ranks, does not compel a finding that she is eligible for asylum. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (stating that a petitioner must provide *"some* evidence" of her persecutors' motives that would compel a reasonable factfinder to find that she was persecuted *"because of . . .* political opinion").

▮ By failing to qualify for asylum, Morales necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* No. 03–70477, petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, or continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro*

---

*tunc*, to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

Petitioner's Motion to Remand, filed on April 7, 2004, is DENIED.

**PETITION FOR REVIEW DENIED.**